MEIERHENRY, Justice
(concurring in result).
[¶ 46.] I concur with the conference opinion to affirm the circuit court’s decision that UP failed to give Continental timely notice of its claim. As to the conflict of laws question, I would also affirm the circuit court’s decision that Illinois law applies. Since Illinois law applies, this Court need not discuss or decide whether Continental was prejudiced. According to SDCL 53-1-4, “[a] contract is to be interpreted according to the law and usage of the place where it is to be performed or, if it does not indicate a place of performance, according to the law and usage of the place where it is made.” Here, the policy created between two national companies did not indicate a place of performance. As the circuit court determined, “[t]he policy was negotiated in Illinois, signed in Illinois, delivered in Illinois, maintained in Illinois, the scope of the coverage was national, rather than confined to South Dakota, and if liability and damages are determined, payment will most likely be made in Illinois.” For this reason, the law of Illinois applies rather than South Dakota law.
[¶ 47.] Because Illinois law applies, we need not determine whether the insurer showed actual prejudice by the untimely notice. See Country Mut. Ins. Co., 305 Ill.Dec. 533, 856 N.E.2d at 346 (no showing of prejudice required); Montgomery Ward & Co., Inc., 257 Ill.Dec. 373, 753 N.E.2d at 1005 (“insurer does not have to prove that it was prejudiced by an insured’s breach of *623 the notice clause in a policy in order to be relieved of its duty to pay”).